## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>PERSONAL ASSISTANCE SERVICES AND TRANSPORTATION, LLC, d/b/a PAST, LLC, BRANDY SALISBURY, KEITH KIMMERLE, AMALGAMATED CASUALTY INSURANCE COMPANY<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT FOR DECLARATORY RELIEF PURSUANT TO FEDERAL DECLARATORY JUDGMENT ACT

NOW COMES Plaintiff, UNITED SPECIALTY INSURANCE COMPANY, by its attorney, Jeffrey Kehl of Downey and Lenkov LLC, and, pursuant to the Federal Declaratory Judgment Act, 28 USC § 2201 *et. seq.*, and Rule 57 of the Federal Rules of Civil Procedure, brings this Complaint and states as follows:

### JURISDICTION

1. Plaintiff, United Specialty Insurance Company ("Plaintiff"), is a citizen of the State of Texas, having been incorporated in Texas and having a principal place of business and headquarters in Bedford, Texas.

2. Personal Assistance Services and Transportation, LLC d/b/a Past, LLC ("Personal Assistance"), is an Indiana domestic limited liability company that, during its existence, had a sole member, William Kramer, a citizen of Evansville, Indiana.

3. Personal Assistance had a principal place of business in Evansville, Indiana.

{03707033.DOCX / }

4. Brandy Salisbury ("Salisbury") is a citizen of the State of Indiana, with a residence in Terre Haute, Indiana.

5. Keith Kimmerle ("Kimmerle") is a citizen of the State of Indiana, with a residence in Terre Haute, Indiana.

6. Amalgamated Casualty Insurance Company ("Amalgamated") is, upon information and belief, a Maryland citizen, having been incorporated in the State of Maryland and having a principal place of business in Chevy Chase, Maryland.

7. At all times relevant hereto, Amalgamated did business in the State of Indiana.

8. The amount in controversy exceeds $75,000, based on an August 25, 2022 settlement demand made by Kimmerle to Salisbury and/or Personal Assistance of $225,000.

9. This court has subject matter jurisdiction over this case under 28 USC § 1332 because of complete diversity of citizenship between Plaintiff and the named Defendants.

## VENUE

10. This case is predicated upon a case or controversy based on the application of an insurance policy issued to an Indiana limited liability corporation headquartered and doing business in Evansville, Indiana and involving an underlying motor vehicle collision occurring in Vigo County, Indiana involving two residents of Vigo County, Indiana.

11. Venue for this cause action properly lies in the United States District Court for the Southern District of Indiana.

## BASIS FOR DECLARATORY RELIEF

12. Pursuant to the Federal Declaratory Judgment Act, 28 USC § 2201, et seq., this court has the authority to enter declaratory relief in a case of actual controversy within its jurisdiction.

13. An actual case or controversy exists with regard to whether a certain insurance policy issued by Plaintiff provides insurance coverage for Personal Assistance and/or Salisbury with regard to a lawsuit brought by Kimmerle.

14. On January 26, 2021, Kimmerle filed a complaint against Salisbury and Personal Assistance in the Vigo County Superior Court, Cause Number 84D06-2101-CT-000436 (the "Kimmerle Litigation"). A copy of the Complaint is attached hereto and incorporated herein as **Exhibit A**.

15. In the Kimmerle Litigation, Kimmerle alleges that on August 1, 2019, Salisbury negligently operated a vehicle as part of her employment with Personal Assistance and caused personal injury to Kimmerle.

16. On August 18, 2021, Defendants Salisbury and Personal Assistance filed their Answer to the Kimmerle Litigation. A copy of the Answer is attached hereto and incorporated herein as **Exhibit B**.

17. In that Answer, Defendants Salisbury and Personal Assistance admit that Salisbury was operating a vehicle under the authority of Personal Assistance on August 1, 2019, and that an accident occurred as alleged by Kimmerle in the Kimmerle Litigation.

18. On March 13, 2019, Plaintiff issued a Commercial Auto Liability Insurance Policy, No. UTO-IN-0000053, (hereinafter referred to as "the Policy"), to Personal

Assistance Services. Salisbury may be an insured under the Policy. A copy of the Policy is attached hereto as **Exhibit C**.

19. Section IV of the Policy provides:

SECTION IV – BUSINESS AUTO CONDITIONS

The following conditions apply in addition to the common Policy Conditions:

A. Loss Conditions

1) Duties in the Event of Accident, Claim, Suit Or Loss

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

i. In the event of "accident", "claim", "suit" or "loss" you must give us or our authorized representative prompt written notice of the accident or loss to include:

   a. How, when to include time and where the "accident" or "loss" occurred;
   b. The "insured's" name and address; and
   c. To the extent possible the names and addresses of any injured persons and witnesses.

ii. Additionally you and other involved "insured" must:

   a. Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.
   b. Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".
   c. Cooperate with us in the investigation or settlement of the claim or defense against the "suit"
   d. Authorize us to obtain medical records or other pertinent information.
   e. Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

20. Under the terms of the Policy, Plaintiff had no duty to provide coverage to Salisbury and/or Personal Assistance unless Salisbury and/or Personal Assistance gave Plaintiff, or its authorized representative, prompt written notice of the August 1, 2019

accident, which notice was to include at a minimum the names of the persons involved as well as any witnesses.

21. Under the terms of the Policy, Plaintiff had no duty to provide coverage to Salisbury and/or Personal Assistance for the Complaint unless Salisbury and/or Personal Assistance immediately sent Plaintiff copies of any requests, demands, summons, or legal papers received concerning the claim or lawsuit.

22. Salisbury and/or Personal Assistance failed, refused and neglected to comply with the foregoing provisions as required by the Policy.

23. Despite the fact that the alleged accident occurred on August 1, 2019, notice of the accident or the Kimmerle Litigation was not provided to Plaintiff until September 28, 2022, over three years after the accident occurred.

24. Salisbury and/or Personal Assistance failed to immediately send Plaintiff copies of the Kimmerle Litigation or any settlement demand or requests regarding the Kimmerle Litigation as required by the Policy.

25. Plaintiff was not provided any notice, in writing or otherwise, of Kimmerle's claim or the Kimmerle Litigation until it received a letter dated September 28, 2022, from an attorney representing Salisbury and Personal Assistance **(Exhibit D)**. In that letter, the attorney suggested that the policy may provide coverage for the incident that is the basis of the Kimmerle Litigation.

26. The complete failure of Salisbury and/or Personal Assistance to immediately provide notice of the claim and notice of the Kimmerle Litigation as required by the Policy prejudiced Plaintiff.

27. Specifically, the delay in providing any notice of the claim denied Plaintiff the opportunity to determine the identities of, and possibly obtain the statements of the witnesses who may have observed the incident alleged in the Kimmerle Litigation.

28. Further, the delay in providing any notice of the claim, deprived Plaintiff of the opportunity to locate and secure any security video from the location for which the incident took place or from any adjoining properties.

29. The delay in providing notice of the Kimmerle Litigation deprived Plaintiff of the opportunity to control the defense at critical points in the case.

30. The inability of Plaintiff to control the defense of Salisbury and/or Personal Assistance in the Kimmerle Litigation at critical points is demonstrated by the fact that on two occasions, the state court entered deadlines for completion of mediation that were not complied with by Salisbury and/or Personal Assistance. The failure of Salisbury and/or Personal Assistance Services to timely comply with the court orders has placed Salisbury and/or Personal Assistance in violation of existing court orders.

31. Because Salisbury and/or Personal Assistance failed to comply with the Loss Conditions Provision of Section IV of the Policy to the prejudice of Plaintiff, Plaintiff asserts that it has no duty to provide coverage under the Policy for the Kemmerle Litigation.

32. Because Salisbury and/or Personal Assistance are seeking coverage under the Policy, an actual case or controversy exists for which this court may enter declaratory relief.

33. Amalgamated is joined as the insurer of Kimmerle and may be impacted by the requested Declaratory Judgment.

34. Plaintiff is entitled to declaratory judgment stating that it owes no duty to provide a defense or insurance coverage for Salisbury and/or Personal Assistance with regard to the claims bought against them by Kimmerle in the Kimmerle Litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, pursuant to the Federal Declaratory Judgment Act, Plaintiff, United Specialty Insurance Corporation, requests this court enter judgment in its favor declaring it has no obligation to provide a defense or coverage for Salisbury and Personal Assistance under the Policy with regard to the Kimmerle Litigation, and to grant all other relief just and proper in the premises.

Respectfully submitted,

/s/ Jeffrey E. Kehl
Attorney for Plaintiff

Jeffrey E. Kehl – #11226-71
Downey & Lenkov LLC
30 North LaSalle Street, Suite 3600
Chicago, IL 60602
312-377-1501
jkehl@dl-firm.com